Bertrand Pan (SBN 233472)
DLA PIPER LLP (US)
550 South Hope Street, Suite 2300
Los Angeles, California  90071
Telephone:  213.330.7700
Facsimile:  213.330.7701
E-mail: bertrand.pan@dlapiper.com

John J. Clarke, Jr. (admitted *pro hac vice*)
DLA PIPER LLP (US)
1251 Avenue of the Americas
New York, New York 10020
Telephone:  212.335.4500
Facsimile:  212.335.4501
E-mail: john.clarke@dlapiper.com

Attorneys for Defendant
  Federal Deposit Insurance Corporation,
  as Receiver for Alliance Bank

# UNITED STATES BANKRUPTCY COURT

# CENTRAL DISTRICT OF CALIFORNIA

# LOS ANGELES DIVISION

| | |
|---|---|
| In re: | Case No.  2:09-BK-28037-PC |
| ALLIANCE BANCSHARES CALIFORNIA, | Chapter 7 |
| Debtor. | Adversary Proceeding No. 2:13-ap-02152-PC |
| DAVID A. GILL, in his capacity as the Chapter 7 Trustee of ALLIANCE BANCSHARES CALIFORNIA, | **ANSWER OF DEFENDANT FEDERAL DEPOSIT INSURANCE CORPORATION, AS RECEIVER FOR ALLIANCE BANK** |
| Plaintiff | |
| v. | |
| FEDERAL DEPOSIT INSURANCE CORPORATION, as Receiver for ALLIANCE BANK, | |
| Defendant. | |

1     Upon knowledge as to itself and its own actions and upon information and belief as to all

2    other matters, defendant Federal Deposit Insurance Corporation, as receiver for Alliance Bank

3    (the "FDIC-Receiver"), for its Answer to the complaint dated December 5, 2013 in this adversary

4    proceeding (the "Complaint"), filed by plaintiff David A. Gill in his capacity as the chapter 7

5    trustee ("Trustee") for the bankruptcy estate of Alliance Bancshares California ("Debtor"), hereby

6    states:

7                                 **JURISDICTIONAL RESERVATION**

8     The FDIC-Receiver respectfully submits that the Bankruptcy Court lacks subject matter

9    jurisdiction over all or substantially all of this adversary proceeding.  A defense of lack of subject

10   matter jurisdiction cannot be waived, and the FDIC-Receiver expressly asserts and reserves that

11   defense as to all proceedings herein.  The FDIC-Receiver's protective proof of claim in the

12   Debtor's chapter 7 bankruptcy case expressly preserved the FDIC-Receiver's subject matter

13   jurisdiction defense.

14     Under 12 U.S.C. § 1821(d)(13)(D), "no court shall have jurisdiction" over, *inter alia*, "any

15   action seeking a determination of rights with respect to[] the assets of any depository institution

16   for which the [FDIC] has been appointed receiver . . ."  The Trustee's request for a declaratory

17   judgment and the other relief sought in the Complaint indisputably seek determinations of rights

18   with respect to assets of Alliance Bank, and the only permissible method for the Trustee to have

19   sought such relief was by filing a receivership claim with the FDIC-Receiver as provided for

20   under the Federal Deposit Insurance Act.  *See* 12 U.S.C. §§ 1821(d)(3)-(13).  The Trustee and the

21   Debtor both failed to file a receivership claim and thereby waived the right to seek the relief the

22   Trustee requests in the Complaint.

23     In addition, the Bankruptcy Court lacks the authority to enter final judgment in this

24   adversary proceeding under the Constitution of the United States of America.  The determination

25   of rights with respect to the assets of an insured depository institution for which the FDIC has

26   been appointed receiver is a non-core proceeding under 28 U.S.C. § 157, and the FDIC-Receiver

27   does not consent to entry of final orders or judgment by the Bankruptcy Court in this proceeding.

28

1

## ANSWER

2          Any allegation in the Complaint that the FDIC-Receiver does not expressly admit in this

3 Answer is denied.  The FDIC-Receiver denies that any of the claims for relief in the Complaint

4 have merit.  Headings from the Complaint are repeated solely for the convenience of the reader,

5 and any allegation express or implied in such headings is denied.

6

## I.    JURISDICTION AND VENUE

7          1.        Denies the allegations in paragraph 1 of the Complaint.

8          2.        Denies the allegations in paragraph 2 of the Complaint.

9          3.        Denies the allegations in paragraph 3 of the Complaint.  Pursuant to

10 Bankruptcy Rule 7012(b), the FDIC-Receiver denies that this is a core proceeding.  The FDIC-

11 Receiver does not consent to entry of final orders or judgment in this adversary proceeding by the

12 Bankruptcy Court.

13          4.        Denies the allegations in paragraph 4 of the Complaint.

14

## II.    THE PARTIES

15          5.        Admits the allegations in paragraph 5 of the Complaint.

16          6.        Denies knowledge or information sufficient to form a belief as to the truth of

17 the allegations in paragraph 6 of the Complaint.

18          7.        Admits the allegations in paragraph 7 of the Complaint.

19          8.        Admits that by order of the California Department of Financial Institutions

20 dated February 6, 2009, Alliance Bank (the "Bank") was closed and the FDIC-Receiver was

21 appointed its receiver.  As a result, by operation of law, the FDIC-Receiver succeeded to "all

22 rights, titles, powers, and privileges of the insured depository institution, and of any stockholder,

23 member, accountholder, depositor, officer, or director of such institution with respect to the

24 institution and the assets of the institution."  12 U.S.C. § 1821(d)(2)(A).  The FDIC-Receiver

25 further admits that by operation of law, upon its appointment as receiver, it obtained possession of

26 the books and records of the Bank.  *See id.*  The FDIC-Receiver denies all remaining allegations

27 in paragraph 8 of the Complaint.

28

### III.      BACKGROUND

9.      Denies knowledge or information sufficient to form a belief as to, and therefore denies, the allegations in paragraph 9 of the Complaint.

10.      Refers for its contents to the document alleged by the Trustee to be a tax sharing policy which allegedly included a written tax allocation agreement (the "Alleged Policy"), and denies any remaining allegations in paragraph 10 of the Complaint.  The FDIC-Receiver further states that the provision quoted by the Trustee from the Alleged Policy, if applicable, demonstrates that the Debtor at all times acted as agent and fiduciary for the Bank in connection with matters relating to tax liability and tax refunds of the affiliated group and that the Debtor had no property interest in any tax refunds it might receive in that role.  Any remaining allegations in paragraph 10 of the Complaint are denied.

11.      Refers for its contents to the Alleged Policy and denies any remaining allegations in paragraph 11 of the Complaint.  The FDIC-Receiver further states that the provision quoted by the Trustee from the Alleged Policy, if applicable, demonstrates that the Debtor at all times acted as agent and fiduciary for the Bank in connection with matters relating to tax liability and tax refunds of the affiliated group and that the Debtor had no property interest in any refunds it might receive in that role.  Any remaining allegations in paragraph 11 of the Complaint are denied.

12.      Refers for its contents to the Alleged Policy and denies any remaining allegations in paragraph 12 of the Complaint.  The FDIC-Receiver further states that the provision quoted by the Trustee from the Alleged Policy, if applicable, demonstrates that the Debtor at all times acted as agent and fiduciary for the Bank in connection with matters relating to tax liability and tax refunds of the affiliated group and that the Debtor had no property interest in any tax refunds it might receive in that role.  Any remaining allegations in paragraph 12 of the Complaint are denied.

13.      Denies the allegations in paragraph 13 of the Complaint, except admits that the affiliated group that included the Bank filed consolidated federal income tax returns for tax years

ended December 31, 2003, 2004, 2005, 2006, 2007 and 2008, for which the Debtor acted as agent as the common parent.

14.    Admits that the Bank incurred a significant net operating loss ("NOL") in the tax year ended December 31, 2008 and that, primarily as the result of the Bank's NOL, the affiliated group that included the Bank reported a significant NOL in its filings for that tax year. The FDIC-Receiver refers for their contents to the relevant filings made on behalf of the affiliated group with the Internal Revenue Service with respect to the amount of any claimed federal tax refunds or interest accrued thereon.  Any remaining allegations in paragraph 14 of the Complaint are denied.

15.    Denies the allegations in paragraph 15 of the Complaint.

16.    Admits that the FDIC–Receiver is the owner of all of the federal income tax refunds recoverable by the affiliated group as the result of the 2008 NOL carrybacks to the 2003, 2004, 2005, 2006 and 2007 tax years in addition to other California state tax refunds and federal income tax refunds recovered or recoverable by the affiliated group from relevant taxing authorities.  Admits that the FDIC-Receiver timely filed protective proofs of claim in the Debtor's bankruptcy case, and refers for their contents to the proofs of claim as filed.  Any remaining allegations in paragraph 16 of the Complaint are denied.

17.    Admits the allegations in paragraph 17 of the Complaint.

## IV.    TRUSTEE'S FIRST CLAIM FOR RELIEF

18.    Repeats and incorporates by reference its responses to paragraphs 1 through 17 of the Complaint as if fully restated herein.

19.    No response is required to the allegations in paragraph 19 of the Complaint, but to the extent any response may be deemed to be required admits that the Trustee purports to seek a declaratory judgment as alleged in that paragraph, denies that the Trustee is entitled to such relief in his favor and denies that this Court has subject matter jurisdiction or authority under the Constitution of the United States of America to grant the Trustee such relief.

20.    Paragraph 20 of the Complaint states a legal conclusion as to which no response is required.  To the extent any response may be deemed to be required, the FDIC-Receiver denies any allegation in that paragraph and refers to 11 U.S.C. § 541(a) for its terms.

21.    Denies the allegations in paragraph 21 of the Complaint.  The FDIC-Receiver, as the successor in interest to the Bank, is the owner of all federal income tax refunds at issue in the Complaint, which arise from the earnings, tax payments and loss history of the Bank.  The Debtor at all times acted solely as the agent and fiduciary for the Bank, and the FDIC-Receiver as the Bank's successor, with respect to tax matters concerning the affiliated group.  As agent, the Debtor was obligated to safeguard and to turn over promptly to the Bank (or the FDIC-Receiver as its successor) any income tax refunds, returned tax overpayments or other amounts received from any taxing authority on behalf of the affiliated group.  No policy or agreement, including without limitation the Alleged Policy, altered or purported to alter these duties of the Debtor.

22.    Denies the allegations in paragraph 22 of the Complaint.  At all times, the Debtor acted as agent and fiduciary for the members of the affiliated group including the Bank and did not obtain a property interest in any tax payment or tax refund that may have come into the Debtor's or the Trustee's possession in that role.

23.    Denies the allegations in paragraph 23 of the Complaint except admits that the FDIC-Receiver filed protective proofs of claim in the Debtor's bankruptcy case and refers for their contents to those proofs of claim.

24.    Admits that an actual and justiciable controversy has arisen and exists between the Debtor (or the Trustee) and the FDIC-Receiver concerning the ownership of the federal tax refunds at issue in the Complaint.  Denies that this Court has subject matter jurisdiction to adjudicate any such dispute and further states that this Court does not have authority under the Constitution of the United States of America to enter any final order or judgment with respect to such controversy, which is a non-core proceeding seeking a determination of rights with respect to assets of an insured depository institution for which the FDIC-Receiver has been appointed receiver.  Any remaining allegations in paragraph 24 of the Complaint are denied.

25.     Denies the allegations in paragraph 25 of the Complaint.  Subject to the FDIC-Receiver's jurisdictional and Constitutional objections, which are expressly reserved, any ruling by this Court with respect to the Trustee's request for declaratory relief should determine that the FDIC-Receiver, as the successor to the Bank, is the owner of all of the tax refunds that are at issue in the Complaint.

**V.     TRUSTEE'S SECOND CLAIM FOR RELIEF**

26.     Repeats and incorporates by reference its responses to paragraphs 1 through 25 of the Complaint as if fully restated herein.

27.     Paragraph 27 of the Complaint states a legal conclusion as to which no response is required.  To the extent any response may be deemed to be required, the FDIC-Receiver denies any allegation in that paragraph and refers for its terms to 11 U.S.C. § 502(b).

28.     Denies the allegations in paragraph 28 of the Complaint, but states that the FDIC-Receiver is willing to enter into an appropriate stipulation with the Trustee to ensure that only one proof of claim filed by the FDIC-Receiver need be considered by the Court while at the same time preserving all of the FDIC-Receiver's rights.

29.     Denies the allegations in paragraph 29 of the Complaint and each and every subparagraph thereof.

30.     Denies the allegations in paragraph 30 of the Complaint.

**VI.     TRUSTEE'S THIRD CLAIM FOR RELIEF**

31.     Repeats and incorporates by reference its responses to paragraphs 1 through 30 of the Complaint as if fully restated herein.

32.     Paragraph 32 of the Complaint states a legal conclusion as to which no response is required.  To the extent any response may be deemed to be required, the FDIC-Receiver denies any allegation in that paragraph and refers for its terms to 11 U.S.C. § 510(b).

33.     Refers for their contents to the proofs of claim filed by the FDIC-Receiver in the Debtor's bankruptcy case.  Any remaining allegations in paragraph 33 of the Complaint are denied.

34.     Denies the allegations in paragraph 34 of the Complaint.

## VII.    TRUSTEE'S FOURTH CLAIM FOR RELIEF

35.    Repeats and incorporates by reference its responses to paragraphs 1 through 34 of the Complaint as if fully restated herein.

36.    Paragraph 36 of the Complaint states a legal conclusion as to which no response is required.   To the extent any response may be deemed to be required, the FDIC-Receiver denies any allegation in that paragraph and refers for its terms to 11 U.S.C. § 510(c).

37.    Admits that the FDIC-Receiver has filed an action against certain former officers and directors of the Bank styled *F.D.I.C. v. Reis, et al.*, No. 8:12-cv-02212-JLS-AN (C.D. Cal.), and refers for its contents to the FDIC-Receiver's complaint in that action.   Any remaining allegations in paragraph 37 of the Complaint are denied.

38.    Denies the allegations in Paragraph 38 of the Complaint.

39.    Denies the allegations in paragraph 39 of the Complaint.

40.    Denies the allegations in paragraph 40 of the Complaint.

41.    Denies the allegations in paragraph 41 of the Complaint.

## VIII.    TRUSTEE'S FIFTH CLAIM FOR RELIEF

42.    Repeats and incorporates by reference its responses to paragraphs 1 through 41 of the Complaint as if fully restated herein.

43.    Denies the allegations in paragraph 43 of the Complaint.

44.    Denies the allegations in paragraph 44 of the Complaint.

45.    Denies knowledge or information sufficient to form a belief as to the truth of, and therefore denies, the allegations in paragraph 45 of the Complaint.

46.    Paragraph 46 of the Complaint states legal conclusions as to which no response is required.   To the extent any response may be deemed to be required, the FDIC-Receiver denies any allegations in that paragraph.

47.    Paragraph 47 of the Complaint states legal conclusions as to which no response is required.   To the extent any response may be deemed to be required, the FDIC-Receiver denies any allegations in that paragraph except admits that the FDIC-Receiver received notice of the Debtor's bankruptcy case at some time prior to the filing of its proofs of claim.

1    48.    Denies the allegations in paragraph 48 of the Complaint.

2    **IX.    TRUSTEE'S SIXTH CLAIM FOR RELIEF**

3    49.    Repeats and incorporates by reference its responses to paragraphs 1 through 48

4    of the Complaint as if fully restated herein.

5    50.    Paragraph 50 of the Complaint states a legal conclusion as to which no

6    response is required. To the extent any response may be deemed to be required, the FDIC-

7    Receiver denies any allegation in that paragraph and refers for its terms to 11 U.S.C. § 502(d).

8    51.    Denies the allegations in paragraph 51 of the Complaint.

9    52.    The FDIC-Receiver denies any allegation in the Prayer for Relief of the

10    Complaint and denies that the Debtor or the Trustee is entitled to any such relief.

11    **DEFENSES**

12    The FDIC-Receiver asserts the following defenses without assuming the burden of proof

13    as to any issue for which the burden is placed on another party. The FDIC-Receiver lacks

14    knowledge or information sufficient to form a belief as to whether it has other, yet unstated,

15    defenses. The FDIC-Receiver reserves the right to assert, and hereby gives notice that it intends

16    to rely upon, any other defense that may become available or appear during discovery or

17    otherwise and reserves the right to amend its Answer to assert any such defense.

18    **First Defense**

19    This Court lacks subject matter jurisdiction over all or some of the claims asserted in the

20    Complaint.

21    **Second Defense**

22    The Court lacks authority under the Constitution of the United States to enter final orders

23    or judgment as to all or some of the claims asserted in the Complaint.

24    **Third Defense**

25    The Complaint, in whole or in part, fails to state a claim upon which relief can be granted.

26    **Fourth Defense**

27    To the extent applicable, the Trustee fails to satisfy the requirements for entry of a

28    declaratory judgment under Federal Rule of Civil Procedure 57 and the Declaratory Judgment

1    Act, 28 U.S.C. § 2201.

2                                    **Fifth Defense**

3           The Trustee's claims are barred under 12 U.S.C. § 1821(j) to the extent they seek to

4    restrain or affect the exercise of powers or functions of the FDIC-Receiver.

5                                    **Sixth Defense**

6           The Trustee's claims are barred, in applicable part, by 12 U.S.C. § 1821(d)(13)(D).

7                                   **Seventh Defense**

8           The Trustee's claims are barred, in applicable part, by 12 U.S.C. § 1825(b)(3).

9                                    **Eighth Defense**

10          To the extent the Trustee attempts to diminish the interest of the FDIC-Receiver in any tax

11   refund or tax entitlement based on any alleged policy or agreement, the Trustee's claims are

12   barred by 12 U.S.C. § 1823(e) or the statute of frauds to the extent that such document (a) was not

13   executed by the Bank and Debtor contemporaneously; (b) was not approved by the board of

14   directors of the Bank, which approval must have been reflected in the minutes of said board; and

15   (c) has not continuously been, from the time of its execution, an official record of the Bank.

16                                   **Ninth Defense**

17          The Trustee has never assumed any alleged tax allocation agreement between the Debtor

18   and the Bank, and any such agreement therefore has been rejected by operation of 11 U.S.C.

19   § 365(d)(1), and cannot be the basis for any relief requested by the Trustee against the FDIC-

20   Receiver.

21                                   **Tenth Defense**

22          To the extent any alleged tax sharing agreement or tax allocation agreement constitutes "a

23   contract to make a loan, or extend other debt financing or financial accommodations, to or for the

24   benefit of" the Debtor or the Trustee, 11 U.S.C. § 365(c)(2) prohibits the Trustee from assuming,

25   assigning, or benefitting from any post-petition loans, debt financing, or other financial

26   accommodations provided under such an alleged agreement.

27

28

**Eleventh Defense**

The Trustee's claims with respect to tax refunds and entitlements are barred, in whole or in part, by 26 C.F.R. § 1.1502-77 and the applicable law of agency because the Debtor and the Trustee acted solely as agent for the Bank as a member of the affiliated group.

**Twelfth Defense**

To the extent that any alleged tax sharing policy or tax allocation agreement is construed as the Trustee asserts, the failure of the Debtor or the Trustee to immediately deliver the Bank's tax refunds to the FDIC-Receiver would constitute an unsecured extension of credit from the Bank that would violate applicable federal law, regulations and policies, including sections 23A and 23B of the Federal Reserve Act, 12 U.S.C. §§ 371c and 371c-1 and 12 C.F.R. § 563.41.

**Thirteenth Defense**

The Trustee's claims and defenses are barred, in applicable part, by the Interagency Policy Statement on Income Tax Allocation in a Holding Company Structure, 63 Fed. Reg. 64757 (Nov. 23, 1998), the Proposed Addendum to the Interagency Policy Statement on Income Tax Allocation in a Holding Company Structure, 78 Fed. Reg. 76889 (Dec. 19, 2013), and any further regulatory statements of policy with respect to the foregoing.

**Fourteenth Defense**

As a result of the Trustee's and the Debtor's failure to file a receivership claim with the FDIC-Receiver, any claim by the Trustee against the FDIC-Receiver, including any offset claim, is barred under 12 U.S.C. §§ 1821(d)(3)-(13).

**Fifteenth Defense**

Turnover is not an available remedy against the FDIC-Receiver under 11 U.S.C. § 542 because the Trustee has not identified any undisputed property of the estate that is in the FDIC-Receiver's possession.

**Sixteenth Defense**

Any claim for turnover against the FDIC-Receiver is barred by setoff.

**Seventeenth Defense**

The compulsory remedy of disallowance under section 542(d) is not available against the FDIC-Receiver, which is not liable to the Trustee under section 522(i), 542, 543, 550 or 553 of the Bankruptcy Code.

**Eighteenth Defense**

Any claim against the FDIC-Receiver based on the imputed misconduct of the officers, directors, employees or agents of the Bank is impermissible under applicable law.  In addition, to the extent any relief sought against the FDIC-Receiver is predicated on this ground, that relief is barred because the Trustee would be equally culpable under similar principles of imputation.

**Nineteenth Defense**

The Trustee's claims are barred, in whole or in part, by the doctrine of laches.

**Twentieth Defense**

The Trustee's claims are barred, in part, by the applicable statute of limitations.

**Twenty-First Defense**

The Trustee's claims are barred, in applicable part, under the Internal Revenue Code and the rules, regulations, rulings, and opinions promulgated thereunder, including without limitation Treasury Regulation § 301.6402-7.

**Twenty-Second Defense**

To the extent the Trustee is awarded any recovery on its claims, such recovery is subject, in whole or in part, to setoff.

**Twenty-Third Defense**

To the extent the Trustee is awarded any recovery on its claims, such recovery is subject, in whole or in part, to recoupment.

**PRAYER FOR RELIEF**

WHEREFORE, the FDIC-Receiver respectfully requests that the Court issue a report and recommendation:  (1) determining that the FDIC-Receiver as the successor to the Bank is the owner of all income tax refunds that are at issue in the Complaint; (2) allowing the FDIC-Receiver's claim in the Debtor's chapter 7 bankruptcy case in the manner requested in the FDIC-

1   Receiver's proof of claim; (3) dismissing with prejudice all of the Trustee's claims against the

2   FDIC-Receiver in the Complaint; (4) awarding the FDIC-Receiver its costs and attorneys' fees in

3   defending this action; and (5) granting the FDIC-Receiver such other and further relief as the

4   Court may deem just and proper.

5
    Dated:  Los Angeles, California          DLA PIPER LLP (US)
6                February 26, 2014

7

8   Of Counsel:                              By _____ /s/ John J. Clarke, Jr,_____
                                                          BERTRAND PAN
9   Linda Berberian
    Senior Attorney
10  Federal Deposit Insurance Corporation        -- and --
    1601 Bryan Street
11  Dallas, Texas  75201                     John J. Clarke, Jr. (admitted *pro hac vice*)
    (972) 761-8295                           DLA PIPER LLP (US)
12                                           1251 Avenue of The Americas
                                             New York, New York  10020
13                                           (212) 335-4920

14                                           Attorneys for the
                                               Federal Deposit Insurance Corporation,
15                                               as Receiver for Alliance Bank

16

17

18

19

20

21

22

23

24

25

26

27

28

# PROOF OF SERVICE OF DOCUMENT

I am over the age of 18 and not a party to this bankruptcy case or adversary proceeding.  My business address is:
DLA Piper LLP (US), 1251 Avenue of the Americas, New York, NY 10020

A true and correct copy of the foregoing document entitled: **Answer of Defendant Federal Deposit Insurance Corporation, as Receiver for Alliance Bank** will be served or was served **(a)** on the judge in chambers in the form and manner required by LBR 5005-2(d); and **(b)** in the manner stated below:

**1.  TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING (NEF)**:  Pursuant to controlling General Orders and LBR, the foregoing document will be served by the court via NEF and hyperlink to the document. On February 26, 2014, I checked the CM/ECF docket for this bankruptcy case or adversary proceeding and determined that the following persons are on the Electronic Mail Notice List to receive NEF transmission at the email addresses stated below:

- Carol Chow CChow@Stutman.com
- John J Clarke john.clarke@dlapiper.com
- Gregory K Jones gjones@stutman.com
- Bertrand Pan bertrand.pan@dlapiper.com
- United States Trustee (LA) ustpregion16.la.ecf@usdoj.gov


**2.  SERVED BY UNITED STATES MAIL**:
On February 26, 2014, I served the following persons and/or entities at the last known addresses in this bankruptcy case or adversary proceeding by placing a true and correct copy thereof in a sealed envelope in the United States mail, first class, postage prepaid, and addressed as follows. Listing the judge here constitutes a declaration that mailing to the judge will be completed no later than 24 hours after the document is filed.

| Plaintiff | United States Trustee |
|---|---|
| David Gill | United States Trustee (LA) |
| Danning, Gill, Diamond & Kollitz | 915 Wilshire Blvd, Suite 1850 |
| 1900 Avenue of the Stars, 11th Floor | Los Angeles, CA 90017 |
| Los Angeles, CA 90067-4402 | |


**3.  SERVED BY OVERNIGHT MAIL**:  Pursuant to F.R.Civ.P. 5 and/or controlling LBR, on February 26, 2014, I served the following persons and/or entities by personal delivery, overnight mail service, or (for those who consented in writing to such service method), by facsimile transmission and/or email as follows.  Listing the judge here constitutes a declaration that personal delivery on, or overnight mail to, the judge will be completed no later than 24 hours after the document is filed.

Honorable Peter H. Carroll, Chief Judge
United States Bankruptcy Court
Central District of California
Edward R. Roybal Federal Building and Courthouse
255 E. Temple Street, Suite 1460
Los Angeles, CA 90012


I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

| 02/26/2014 | John J. Clarke, Jr. | /s/ John J. Clarke, Jr. |
|---|---|---|
| _Date_ | _Printed Name_ | _Signature_ |

---

This form is mandatory.  It has been approved for use by the United States Bankruptcy Court for the Central District of California.

**F 9013-3.1.PROOF.SERVICE**